IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSEPH THOR PERKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-20-476-D |
| ) | |
| GRADY COUNTY CRIMINAL ) | |
| JUSTICE AUTHORITY, et al. ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter comes before the Court for review of the Report and Recommendation [Doc. No. 53] issued by United States Magistrate Judge Shon T. Erwin pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Defendant Lisa Farris filed a Motion to Dismiss [Doc. No. 34] arguing that she was not properly served under FED. R. CIV. P. 4(e). Service on Ms. Farris was accepted by Captain Eric Forsythe at the Grady County Law Enforcement Center but, according to Ms. Farris, she was not employed at this facility at the time of the attempted service. Judge Erwin agreed that service was defective, but recommends the Court quash the defective service, rather than dismiss the action, and order Plaintiff to effectuate proper service within an appropriate time.

Within the deadline for filing an objection, Plaintiff, who is incarcerated and proceeding *pro se*, submitted a document titled "Reply to Motion to Dismiss" [Doc. No. 55]. This filing asserts that Plaintiff relied on the Court to serve Ms. Farris and he did not know she was no longer employed at the facility. Liberally construed, the Court understands Plaintiff's filing to be a timely objection to Judge Erwin's Report.

Accordingly, the Court must make a de novo determination of any portion of the Report to which a specific written objection is made, and may accept, reject, or modify the recommended decision, or may return the matter to the magistrate judge with instructions. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3).

Plaintiff does not dispute that service on Ms. Farris was improper, but instead appears to be challenging the level of assistance he has received in perfecting service. Because he is proceeding *in forma pauperis*, Plaintiff is permitted to rely on the United States Marshals Service to issue and serve all process. *See* 28 U.S.C. § 1915(d); FED. R. CIV. P. 4(c)(3). It is, however, "the plaintiff's responsibility to provide the United States Marshal with the address of the person to be served." *Fields v. Oklahoma State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007). Further, "the Marshal is not charged with finding a defendant who has moved without providing an accessible forwarding address." *Id.*; *see also Hobbs v. Oklahoma State Penitentiary*, 673 F. App'x 837, 839 (10th Cir. 2016) (unpublished) (affirming dismissal for lack of service where plaintiff attempted to serve detention officer at facility while officer was on extended sick leave). Although it may be difficult for Plaintiff to obtain a proper address for Ms. Farris, personal service is not the only means available to complete service.

**IT IS THEREFORE ORDERED** that Judge Erwin's Report and Recommendation [Doc. No. 53] is ADOPTED. The Court Orders as follows:

1) Defendant Lisa Farris's Motion to Dismiss [Doc. No. 34] is denied;

2) Service of process on Ms. Farris is quashed; and

3) Plaintiff has 90 days from the date of this Order to properly serve Ms. Farris.

3

**IT IS SO ORDERED** this 23rd day of September, 2020.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge